IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RUPERT A. TRUJILLO, )
 )
       Petitioner, )
 )
v. ) Case No. CIV-11-244-W
 )
H. A. LEDEZMA, WARDEN, )
 )
       Respondent. )

## **REPORT AND RECOMMENDATION**

Mr. Rupert Trujillo is a federal prisoner who seeks a writ of habeas corpus under 28 U.S.C. § 2241. The Court should grant the Respondent's motion to dismiss because the only available remedy arises under 28 U.S.C. § 2255.

### Background

Pursuant to a guilty plea, Mr. Rupert Trujillo was convicted in the District of New Mexico on drug charges.[1] In the present action, Mr. Trujillo challenges the validity of the conviction on grounds that he was not competent when he pled guilty.

---

[1] Form to Be Used by Federal Prisoner in Filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 in the United States District Court Western District Oklahoma, Exhibit A (Mar. 7, 2011) ("Petition").

The Unavailability of Relief Under 28 U.S.C. § 2241

A petition under 28 U.S.C. § 2241 attacks the execution of a sentence. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). In contrast, a motion under 28 U.S.C. § 2255 attacks the validity of a conviction or sentence.[2]

As noted above, the Petitioner is challenging the validity of his conviction on grounds that he was not competent when he pled guilty. *See supra* p. 1. Because he is not challenging the validity of the conviction, he cannot raise the issues in a habeas petition under Section 2241. *See Rosborough v. United States*, 352 Fed. Appx. 238 (10th Cir. Sept. 30, 2009) (unpublished op.), *cert. denied*, __ U.S. __, 130 S. Ct. 1926 (2010).[3]

An exception exists under 28 U.S.C. § 2255(e), allowing reliance on Section 2241 if the remedy under Section 2255 is inadequate or ineffective. *See* 28 U.S.C. § 2255(e) (2006). For this inquiry, the Court considers "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). Under this test, the remedy under Section

---

[2] *See McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997) (stating that "[p]etitions under § 2241 are used to attack the execution of a sentence" and that proceedings under § 2255 "are used to collaterally attack the validity of a conviction and sentence" (citations omitted)); *see also United States v. Payne*, __ F.3d __, 2011 WL 1760423, Westlaw op. at 2 n.2 (10th Cir. May 10, 2011) (noting that the Tenth Circuit Court of Appeals "has repeatedly and consistently applied § 2255 to challenges to convictions").

[3] There a federal prisoner filed a habeas petition under Section 2241, challenging the validity of the plea agreement which led to a conviction. *See Rosborough v. United States*, 352 Fed. Appx. at 240. The Tenth Circuit Court of Appeals held that the petitioner had to assert the claim through a motion under Section 2255, rather than a habeas petition under Section 2241, because the issue involved validity of the conviction and sentence. *Id*.

2255 is not inadequate or ineffective because Mr. Trujillo could have invoked this provision to challenge his conviction on grounds that he was not competent when he pled guilty.

Mr. Trujillo states that Section 2255 "Would Be Inadequate Because It Would Be Ineffective to Test The Legality of Petitioner's Confinement." Petitioner's Response to Respondent's Motion to Dismiss at p. 5 (June 2, 2011). But the Petitioner does not explain this assertion or provide any argument or support. Mr. Trujillo's conclusory invocation of Section 2255(e) is insufficient to invoke the exception.[4]

Disposition of the Present Action

Because 28 U.S.C. § 2255 would supply the exclusive remedy, the Court must decide whether to recharacterize the action. The Court should answer in the negative.

According to Mr. Trujillo, he has not previously filed a motion under Section 2255. Petition at p. 2. If the Court were to recharacterize the petition, it would be Mr. Trujillo's first motion under Section 2255. Under these circumstances, the Court should decline to recharacterize the petition without:

- notice to the litigant of an intent to recharacterize the pleading,

- explanation to the individual that recharacterization would subject any future Section 2255 motion to the restrictions on "second or successive" motions, and

- provision of an opportunity to withdraw or amend the motion.

---

[4] *See Humphreys v. Gibson*, 261 F.3d 1016, 1023 n.2 (10th Cir. 2001) (rejecting habeas allegations because they were "conclusory").

*See Castro v. United States*, 540 U.S. 375, 383 (2003). The Court has not provided such notice[5] and it should decline *sua sponte* recharacterization of the action.

## Notice of the Right to Object

Mr. Trujillo may file a written objection to this report and recommendation. *See* 28 U.S.C. § 636(b)(1) (2009 supp.). Any such objection must be filed with the Clerk of the United States District Court. The deadline for objections is July 29, 2011. 28 U.S.C. § 636(b)(1) (2009 supp.); Fed. R. Civ. P. 6(d), 72(b)(2). A failure to timely object would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## Status of the Referral

The referral is discharged.

Entered this 12th day of July, 2011.

*/s/ Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[5] The Court has not provided such notice because a Section 2255 motion must be filed in the sentencing court and has a one-year limitations period. *See* 28 U.S.C. § 2255(a), (f)(1) (2006). The sentence was imposed in the District of New Mexico on April 18, 2009. *See* Motion to Dismiss Petition for Habeas Corpus, Exh. 1 (Apr. 18, 2011). Thus, recharacterization of the action would require transfer to the District of New Mexico. This transfer would likely be futile because in the absence of tolling, the limitations period would have expired on April 18, 2010. Thus, "there is nothing whatever to be gained by . . . recharacterization." *Castro v. United States*, 540 U.S. 375, 388 (2003) (emphasis omitted) (Scalia, J., concurring).