IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA


FILED
AUG 0 2 2011
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY ___ DEPUTY

| | |
|---|---|
| RUPERT A. TRUJILLO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. CIV-11-244-W |
| ) | |
| H.A. LEDEZMA, WARDEN, ) | |
| ) | |
| Respondent. ) | |

## ORDER

On July 12, 2011, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter and recommended that the Motion to Dismiss Petition for Habeas Corpus filed by respondent H.A. Ledezma, Warden, be granted. Petitioner Rupert A. Trujillo was advised of his right to object, and the matter now comes before the Court on Trujillo's Objection to Magistrate's Report and Recommendation [Doc. 26].

Upon de novo review of the record, the Court finds that because Trujillo is challenging the validity of his conviction on the grounds he was not competent when he pled guilty,[1] Trujillo cannot pursue his claim in the instant Petition for Writ of Habeas Corpus ("Petition") filed under title 28, section 2241 of the United States Code. E.g., Prost v. Anderson, 636 F.3d 578, 581 (10th Cir. 2011)(federal prisoner's attempt to attack legality of conviction or sentence must be brought under 28 U.S.C. § 2255). Trujillo's only

---

[1] In August 2009, Trujillo pled guilty in the United States District Court for the District of New Mexico to one (1) count of possession with intent to distribute 50 kilograms or more of marijuana in violation of title 21, section 841(b)(1)(C) of the United States Code, and in November 2009, he was sentenced to a term of imprisonment of 120 months. See Doc. 14-1.

available remedy arises under title 28, section 2255 of the United States Code. E.g., 636 F.3d at 581.

The Court further finds that Trujillo has failed to demonstrate that he is entitled to the exception to that rule found in section 2255(e). E.g., id. (federal prisoner may resort to section 2241 to challenge legality of conviction or sentence if remedy under section 2555 is inadequate or ineffective).

The Court therefore concurs not only with Magistrate Judge Bacharach's suggested disposition of Ledezma's request for dismissal, but also with his recommendation that the Court should decline to sua sponte recharacterize Trujillo's action as one seeking relief under section 2255.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 25] issued on July 12, 2011;

(2) GRANTS Ledezma's Motion to Dismiss Petition for Habeas Corpus [Doc. 14] filed on April 18, 2011;

(3) for the reasons stated by Magistrate Judge Bacharach, see Doc. 25 at 4 n.5, DECLINES to recharacterize the instant action as one seeking relief under section 2255; and

(4) DISMISSES without prejudice Trujillo's Petition [Doc. 1] file-stamped March 7, 2011.

ENTERED this 2nd day of August, 2011.

/s/ Lee R. West
LEE R. WEST
UNITED STATES DISTRICT JUDGE